IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

**TIMOTHY WILLIAMS**                                                **PLAINTIFF**

vs.                              No. 5:21-cv-____

**AEC SITE SOLUTIONS, LLC**                                         **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Timothy Williams, by and through his attorney Courtney Lowery of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant AEC Site Solutions, LLC, he states and alleges as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiff lawful overtime wages for all hours worked in excess of forty hours per week.

2.    Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA, as described, *infra*.

### II.   JURISDICTION AND VENUE

3.    The United States District Court for the Northern District of Alabama has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiff within the Northeastern Division of the Northern District of Alabama; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### III. THE PARTIES

5. Plaintiff is an individual and resident of Jackson County.

6. Defendant is a domestic limited liability company.

7. Defendant's registered agent for service of process is William H. Steele, IV, 4020 Medford Drive, Huntsville, Alabama 35802.

8. Defendant maintains a physical location at 2098 Fisher Street Southwest, Hunts, Alabama, 35803.

9. Defendant, in the course of its business, maintains a website at https://aecsitesolutions.com/.

### IV. FACTUAL ALLEGATIONS

10. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Defendant owns and operates a construction business.

12. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce such as paving supplies, vehicles and fuel.

13. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) for each of the three years preceding the filing of this Complaint.

14. At all times relevant hereto, Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203.

15. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

16. At all relevant times herein, Defendant directly hired Plaintiff to work on its behalf, paid him wages and benefits, controlled his work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

17. At all times material herein, Defendant paid Plaintiff an hourly wage. Though Plaintiff has not received any tax documents from Defendant, Plaintiff's pay had no taxes withheld so Plaintiff assumes that Defendant classified Plaintiff as exempt from the protections of the FLSA.

18. Defendant employed Plaintiff from 2018 until June of 2021 as a Heavy Vehicle Operator.

19. Defendant required Plaintiff to satisfy whatever needs and requirements Defendant and Defendant's customers had.

20. Defendant expected Plaintiff to follow Defendant's policies regarding his employment.

21. Plaintiff was required to complete the tasks Defendant assigned to him or risk being disciplined, including termination.

22. Plaintiff did not manage Defendant's enterprise or a customarily recognized subdivision of the enterprise.

23. Plaintiff did not exercise discretion and independent judgment with respect to any matters of significance.

24. Plaintiff sought direction from Defendants in lieu of making significant decisions on his own.

25. Plaintiff was hired to work for Defendant for a continuous and ongoing period of time.

26. Plaintiff did not select any employees for hire, nor did he have any ability to fire employees.

27. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

28. Defendant provided Plaintiff with all of the tools required to complete his work. Specifically, Defendant owned or lease all of the vehicles, tools, and other materials that Plaintiff used on a daily basis.

29. Defendant determined Plaintiff's pay for services without input from or negotiation with Plaintiff.

30. Defendant set prices for services without input from or negotiation with Plaintiff.

31. Defendant made decisions regarding advertising Defendant's business without Plaintiff's input.

32. Defendant made decisions regarding what new business to pursue or take without Plaintiff's input.

33. Plaintiff did not negotiate contracts or prices with Defendant's customers.

34. Defendant directed Plaintiff in his job duties.

35. Plaintiff had no investment in Defendant's business or operations.

36. Defendant paid Plaintiff $20.00 per hour for each and every hour worked, regardless of whether Plaintiff worked more than 40 hours in a week. In other words, Defendant failed to pay Plaintiff 1.5x his regular rate of pay for hours worked over 40 each week.

37. Plaintiff regularly worked over forty hours in a week.

38. At all relevant times herein, Defendant has deprived Plaintiff of sufficient overtime compensation for all hours worked.

39. Defendant paid other employees overtime wages, but not Plaintiff.

40. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

### V.   CLAIM FOR RELIEF—VIOLATION FOR THE FLSA

41. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

42. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

43. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

44. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay a minimum wage for all hours worked up to 40 each week and to pay 1.5x their regular

wages for all hours worked over 40, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying DOL regulations.

45. Defendant classified Plaintiff as nonexempt from the requirements of the FLSA.

46. Defendant failed to pay Plaintiff a sufficient overtime premium for all hours worked over forty each week.

47. Defendant knew or should have known that its actions violated the FLSA.

48. Defendant's conduct and practices, as described above, were willful.

49. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

50. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Timothy Williams respectfully prays that Defendant be summoned to appear and to answer this Complaint and for declaratory relief and damages as follows:

A. Declaratory judgment that Defendant's practices alleged in this Complaint violate the FLSA and its related regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA and its related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA and its related regulations;

D. An order directing Defendant to pay Plaintiff interest, a reasonable attorney's fee and all costs connected with this action; and

E. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF TIMOTHY WILLIAMS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Courtney Lowery*
Courtney Lowery
Ala. Bar No. 4047-v46j
courtney@sanfordlawfirm.com